UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BOONE, II,

    *Plaintiff*,

CASE NO. 12-CV-14098

v.

DISTRICT JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE CHARLES BINDER

DANIEL HEYNS, *Director*;
JEFFREY STIEVE, *CMO*; JOYCE
HUNTER; KATRINA J. BEALS;
BRENDA S. UPTON, *RN*; STEPHEN
WEISS; CORIZON; RICHARD A.
MILES, *MD*; HARRIET SQUIRE, *MD*;
DAWN LYBARGER; MARGARET
OUELLETTE; and MARK
BOOMERSHINE;

    *Defendants*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915A(b) & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** with prejudice.

**II.    REPORT**

    **A.    Introduction**

This *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983 was filed on September 14, 2012. The case was referred on October 25, 2012, by United States District Judge Arthur J. Tarnow to the undersigned magistrate judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Doc. 29.)

Plaintiff has filed many motions, supplements, and amendments to motions. Currently pending are Plaintiff's motions for preliminary injunction (Doc. 3), motion for temporary restraining order (Doc. 53), and motion to amend complaint. (Doc. 55.) On January 30, 2013, the Michigan Department of Corrections ("MDOC") Defendants filed a motion to dismiss. (Doc. 56.) On February 11, 2013, Plaintiff filed a motion to withdraw his motion to amend, noting that since the MDOC Defendants filed a motion to dismiss, he would have the ability to file an amended complaint without leave of court. (Doc. 60 at 1-2.) Several Defendants filed a response to Plaintiff's motion to withdraw his motion to amend. (Doc. 62.)

Since Plaintiff is a prisoner seeking redress from governmental officers or employees, his complaint is subject to the screening provision under 28 U.S.C. § 1915A(b). After screening the complaint, and after noting no material differences between the claims and allegations raised in the proposed amended complaint, I find that the case is ready for report and recommendation.

B.  Screening Procedure & Governing Law

Pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891

F.2d 591, 594 (6th Cir. 1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

**C.     Analysis and Conclusions**

First, I note that Plaintiff's proposed amended complaint (Doc. 55) is a somewhat better organized version of his original complaint, but alleges the same facts and claims as averred in the original complaint. Therefore, I suggest that an examination of either or both of the documents produces the same result and that amendment would be futile. *See* Fed. R. Civ. P. 15.

Plaintiff alleges several violations of the Eighth Amendment based on medical issues: (1) failure to provide a CPAP machine for Plaintiff's diagnosed obstructive sleep apnea; (Doc. 1 at 12;

Doc. 55 at 7-8); (2) failure to provide pain medication after Plaintiff was discharged from the hospital for removal of a kidney stone (Doc. 1 at 17-18; Doc. 55 at 8); (3) failure to provide a brace for Plaintiff's right foot palsy that he has suffered from since he was 14 years old (Doc. 1 at 15, 26; Doc. 55 at 9); (4) failure to provide a stabilizing left knee brace as prescribed in March 2011 (Doc. 1 at 15-16; Doc. 55 at 9); (5) failure to provide timely hardware removal after surgery on Plaintiff's left knee (Doc. 1 at 11-12; Doc. 55 at 10); and (6) failure to currently (in 2011-12) provide an air mattress as prescribed after Plaintiff's right hip surgery in 2008. (Doc. 1 at 10-11; Doc. 55 at 10-12.)

Plaintiff's claims are brought under the Eighth Amendment's provision that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend VIII. This amendment requires that convicted prisoners be provided "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). However, liability exists "only if [the defendant] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the staff, the inmate has failed to state a claim under the Eighth Amendment. *See Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment,

4

federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

In his original complaint, Plaintiff, in alleging a denial of medical care, avers facts revealing that he received continuous medical care. (Doc. 1 at 12-30.) On March 17, 2011, the day after Plaintiff was transferred to the Charles Egeler Reception Center ("RGC"), Plaintiff was seen by Defendant Boomershine, a Physician's Assistant. (*Id*. at 12.) Plaintiff was also seen by health care staff on March 8, 2011. (*Id*. at 13.) The day Plaintiff was transferred from RGC to G. Robert Cotton Correctional Facility ("JCF"), he was seen by a registered nurse named Spencer Burke. (*Id*. at 14.) Plaintiff also saw registered nurse Cindy Speer on May 18 or 19, 2011. (*Id*. at 15.) Plaintiff was seen by Defendant Richard Miles, M.D., on June 17, 2011, and Plaintiff alleges he "did absolutely nothing for Plaintiff" "[o]ther than tell Plaintiff he would put in a referral to Physical Therapy for AFO & Knee Brace, order nasal spray and a few SAN's[.]" (*Id*. at 16.)

On August 2, 2011, Plaintiff was taken to Allegiance Hospital for removal of a kidney stone. (*Id*. at 17.) Plaintiff was seen by Dr. Miles on August 8, August 24, and September 12, 2011. (*Id*. at 18-20.) Plaintiff was also seen by Harriet Squire, M.D., on September 26, 2011. (*Id*. at 20.) Plaintiff was also seen by Dr. Miles on September 26, October 21, November 10, and November 28, 2011. (*Id*. at 21-23.) Plaintiff was seen by a registered nurse, James Hense, on November 2, 2011. (*Id*. at 22.) On November 22, 2011, a urine screen was performed and on December 5, 2011, Plaintiff was seen by Defendant Lybarger, a nurse practitioner. (*Id*. at 25.) Plaintiff saw Dr. Miles again on February 1, 2012. (*Id*. at 18.)

I suggest that, based upon the applicable law, Plaintiff's averments fail to state a claim for any constitutional violation as they allege not a deliberate failure to treat, but only his disagreement

5

with the way he was treated; thus, at most, negligence or malpractice. *See McFarland v. Austin*, 196 F. App'x 410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment"); *White v. Correctional Med. Servs.*, 94 F. App'x 262 (6th Cir. 2004) (where the essence of the plaintiff's claims was that he disagreed with the defendants' approaches to his medical treatment, dismissal of complaint for failure to state a claim was affirmed); *Selby v. Martin*, 84 F. App'x 496, 499 (6th Cir. 2003) ("[T]he record reveals that [plaintiff] not only received a medical evaluation by a nurse and a physician, he also received instructions. . . . Thus, the record clearly reveals a competent and conscientious course of medical treatment, and [plaintiff's] dissatisfaction with his treatment does not state a claim under the Eighth Amendment"); *Stewart v. Gracik*, No.1:10-cv-698, 2011 WL 4559179, at *13 (W.D. Mich. Aug. 26, 2011) ("Plaintiff's desire for AFO braces does not form the basis for an Eighth Amendment claim."); *Maxwell v. Correctional Med. Servs.*, No. 1:10-CV-404, 2011 WL 627075, at *4 (W.D. Mich. Jan. 18, 2011) (denial of air mattress recommendation was a treatment decision that does not implicate the Eighth Amendment); *Algam v. United States*, No. 07-CV-37-GFVT, 2007 WL 891864, at *6 (E.D. Ky. Mar. 21, 2007) (denial of CPAP machine for two years did not state a claim under the Eighth Amendment).

**D.	Conclusion**

For the reasons stated above, I suggest that the complaint (Doc. 1) be *sua sponte* dismissed. I further suggest that the case is not saved by the proposed amended complaint. (Doc. 55.) As a result, I suggest that Plaintiff's motion to amend as well as the other outstanding motions all be denied as moot. (Docs. 3, 53, 55, 56, 60.)

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier*, 454 F.3d at 596-97.

s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
CHARLES E. BINDER
Dated: February 20, 2013                                         United States Magistrate Judge

#### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Richard Boone, II #409976, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201-8887.

Date:  February 20, 2013                By       s/Patricia T. Morris
                                        Law Clerk to Magistrate Judge Binder