UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BOONE II,

          Plaintiff,

v.

DANIEL HEYNS, ET AL.,

          Defendants.

_____/

Case No.  12-14098

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE CHARLES BINDER

## ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION [63] AND GRANTING PLAINTIFF'S MOTION TO AMEND [55]

On February 20, 2013, Magistrate Judge Binder issued a Report and Recommendation ("R&R") [63] recommending that the case be *sua sponte* dismissed with prejudice. Plaintiff filed objections on March 13, 2013 [69]. For the reasons stated below, the Court declines to adopt the Report and Recommendation, and similarly declines the Magistrate Judge's recommendation of *sua sponte* dismissal.

### I. Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts this general background as set out in the R&R in full.

### II. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. § 636(b)(1)(c).

## A. Screening

According to 28 U.S.C. § 1915A, a court shall review a complaint in a civil action filed by a prisoner and *sua sponte* dismiss the case if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

## B. Pro Se Plaintiff

If a plaintiff is suing without legal representation, a screening court must liberally construe the complaint and hold it to a less stringent standard than it would if the pleading was written by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). The *Twombly* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## III. Analysis

Plaintiff provides objections to the R&R.

## A. Failure to State A Claim

The Magistrate Judge found that Plaintiff failed to state a claim for a constitutional violation because he simply disagreed with his medical treatment, and because at most, the allegations were state claims of negligence or malpractice. (R&R at 5-6). The

2

Magistrate Judge also found that Plaintiff's proposed amended complaint was futile because it alleged the same facts and claims as the original complaint. (*Id*. at 3).

Plaintiff asserts that he has stated a claim because delayed or denied medical care caused him to suffer. (Plaintiff's Objections to R&R at 3). Plaintiff further argues that his proposed amended complaint differs from his first because it adds retaliation, civil conspiracy, equal protection, and intentional infliction of emotional distress claims. (*Id*.).

For the reasons discussed below, Plaintiff has stated a non-frivolous claim upon which relief can be granted for cruel and unusual punishment and violation of due process. Taking the allegations in the original complaint as true, as required, Plaintiff has presented non-frivolous claims for relief. None of Plaintiff's claims are "frivolous" or "malicious" because they all have at least some legal merit.         Furthermore, Plaintiff may amend his complaint because it includes new claims that were not mentioned in the original complaint. Amendment is not futile in regards to the retaliation, civil conspiracy, equal protection, and intentional infliction of emotional distress claims because Plaintiff has sufficiently stated them to avoid dismissal.[1]

### B. Civil Rights

To state a prima facie case of violation of a constitutional right pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant acted under color of state

---

[1]The Magistrate Judge states that the amended complaint is merely a "somewhat better organized version of the original complaint, but alleges the same facts and claims . . . ." A cursory examination of the amended complaint indicates that Plaintiff alleges a number of new claims, including retaliation for his filing a complaint.

law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Moreover, a plaintiff must claim that he endured a specific harm that resulted from a particular defendant's act and there must be an affirmative link between the two. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). If a plaintiff cannot establish all the essential elements of § 1983, his claim fails. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).

The Magistrate Judge did not discuss whether Defendants acted under color of law, but found that Plaintiff was not deprived of his rights because he had no right to the exact medical care he desired. (R&R at 6). Plaintiff alleges that Defendants acted under color of state law and subjected him to cruel and unusual punishment by delaying or denying his access to medical care. (Plaintiff's Complaint at 2-5). He claims that the "specific harms" he suffered included deprivation of a CPAP machine for sleep apnea, pain medication for kidney stones, a foot brace for palsy, a knee brace, timely removal of hardware from his knee, and an air mattress. (Plaintiff's Objections to R&R at 3-5). He believes that he has established an affirmative link between his injuries and the Defendants. He describes how each prison official was involved. (*Id*. at 2).

Taking the facts as alleged in the complaint to be true, Defendants acted under color of state law because they denied Plaintiff medical care while working in their official capacities. The causal link is established by describing the specific harms and identifying which prison officials were responsible.

4

## 1. Eighth Amendment

"Cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend. VIII. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

## i. Subjective Prong (Deliberate Indifference)

Liability exists "only if [the defendant] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Substantial risk does not require actual harm. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). "Indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "[P]rison officials may not entirely insulate themselves from liability under § 1983 simply by providing some measure of treatment. Indeed, deliberate indifference may be established in cases where it can be shown that a defendant rendered 'grossly inadequate care' or made a decision to take an easier but less efficacious course of treatment." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 944-45 (6th Cir. 2010).

### ii. Objective Prong

The constitution is violated only when the deprivation is "sufficiently serious." *Farmer*, 511 U.S. 825. "[A] prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). However, "[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id*. Nevertheless, as noted above, a defendant may not simply refuse treatment because it is "easier or less efficacious."

The Magistrate Judge found that Plaintiff was not subjected to cruel and unusual punishment because he received continuous medical care. (R&R at 5). The Magistrate Judge made little effort to discuss Plaintiff's various ailments, and did not indicate why Plaintiff's allegations of grossly inadequate treatment were not sufficient to survive a motion to dismiss, nor did the Magistrate Judge discuss how the allegations were frivolous or malicious. The Magistrate Judge cited three cases in which denial or delay of prisoner treatment did not violate the Eighth Amendment: *Stewart v. Gracik*, 2011 WL 4559179 (W.D. Mich. 2011) (prisoner denied a brace); *Maxwell v. Correctional Med. Servs.*, 2011 WL 672075 (W.D. Mich. 2011) (denial of air mattress); *Alqam v. United*

6

*States*, 2007 WL 891864 (E.D. Kentucky 2007) (delay of CPAP machine for two years).

Plaintiff argues that although medical personnel met with him, they failed to provide treatment. (Plaintiff's Objections to R&R at 8). Furthermore, he contends that the cases which the Magistrate Judge cites are misconstrued and inapplicable. (*Id*. at 10). The Court agrees with Plaintiff.

Plaintiff is entitled to receive some degree of medical attention. In *Stewart*, it was appropriate to deny an Ankle Foot Orthosis brace ("AFO brace") because the prisoner was not issued a Special Accommodation Notice ("SAN") or prescription. In the present case however, Plaintiff indicates that he has both a prescription and a SAN for an AFO brace, but was simply not issued a brace for allegedly non-medical reasons unrelated to his treatment. (*Id*. at 10). In *Maxwell*, a doctor refused to prescribe an air mattress. In the present case, Plaintiff claims that he has both a prescription and a SAN for an air mattress. (*Id*.). In *Algam*, the prisoner eventually received a CPAP machine, but in the present case, Plaintiff did not. Moreover, in the instant case, Plaintiff actually brought a CPAP machine with him to prison, but it was taken away. (Plaintiff's Complaint at 8).

As for the subjective prong of cruel and unusual punishment, Plaintiff argues that Defendants knew he could be seriously harmed by sleep apnea, kidney stones, palsy, knee hardware, and sleeping on hard surfaces after hip surgery. Nevertheless, Plaintiff argues that they failed to reasonably treat him or follow the prescriptions of medical personnel for reasons unrelated to treatment. (*Id*. at 6-7).

Plaintiff further contends that he meets the objective prong because the deprivations were "sufficiently serious." Plaintiff alleges that without a CPAP machine, sleep apnea can be deadly and that he suffered longer than necessary because he waited one week for kidney stone pain medication after it was prescribed. He argues that palsy causes him to fall if he does not have a foot brace and that he is unstable without a knee brace. Moreover, he asserts that the hardware in his knee will continue to cause pain if not surgically removed and that sleeping without an air mattress hurts his hip. (*Id*. at 3-5). Lastly, Plaintiff believes his infirmities were obvious and his requests were reasonable. (*Id*. at 6).

The subjective prong is met because Plaintiff alleges that Defendants knew Plaintiff suffered from various maladies. Plaintiff allegedly complained of his health issues and provided documentary proof. Defendants also knew, or should have known, that without treatment, he could be seriously harmed or subjected to intense pain, yet failed to take reasonable medical measures. As all of Plaintiff's requests were prescribed by a medical professional, Defendants had no right to intentionally interfere with them absent some indication that their refusal was related to a treatment decision, and not simply indifference to an inmates's health.

The objective prong is met because Plaintiff's conditions were "sufficiently serious." Sleep apnea can be fatal, braces allow mobility, pain medications reduce suffering, hardware cannot be left permanently inside a person, and sleeping on hard

surfaces causes pain to healing hips. Plaintiff obviously needed medical attention and his requests were reasonable. Delay of prescribed pain medication that caused excess suffering, for no medical purpose, is grossly inadequate care. Similarly, denial of a CPAP machine, braces, hardware removal, an air mattress, and alternative remedies is no treatment at all.

Taking Plaintiff's allegation as true, Plaintiff has sufficiently alleged violation of his Eighth Amendment rights. His claims are not "frivolous" or "malicious."

## C. Due Process

"This Court has recognized that under some circumstances the denial of medical care to a prisoner may give rise to a violation of Fourteenth Amendment due process." *Westlake*, 537 F.2d at 859. "Whether one views the question as one of due process or of cruel and unusual punishment . . . the issue is essentially the same." *Furman v. Georgia*, 408 U.S. 238, 429 (1972).

Plaintiff notes that the Magistrate Judge does not address the alleged due process violations. (Plaintiff's Objections to R&R at 3).

It was unnecessary for the Magistrate Judge to address Plaintiff's due process claims because the analysis is the same as that for cruel and unusual punishment. Since Plaintiff has stated a non-frivolous claim for the cruel and unusual punishment claim, he has also done so for due process.

9

### D. New Claims from Plaintiff's Proposed Amended Complaint

"The Federal Rules of Civil Procedure generally permit a plaintiff to 'amend [his] pleadings once as a matter of course.' [A] 'court should freely give leave when justice so requires.'" *Colvin v. Caruso*, 605 F.3d 282, 295 (6th Cir. 2010) (quoting Fed. R. Civ. P. 15(a)(2)).

### 1. Retaliation (First Amendment)

"The essence of...a [retaliation] claim is that the plaintiff engaged in conduct protected by the Constitution or by statue, the defendant took an adverse action against the plaintiff, and this adverse action was taken (at least in part) because of the protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 386-87 (6th Cir. 1999). Prisoners are entitled to file grievances against prison officials. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

The Magistrate Judge failed to address the retaliation claim because he determined that the amended complaint and the original complaint were not materially different. (R&R at 3).

Plaintiff alleges that Defendants retaliated against him by falsifying his medical records and depriving him of an air mattress because he filed grievances against health services and employees (Amended Complaint at 13).

Plaintiff's conduct is Constitutionally protected because, as a prisoner, he is entitled to file grievances against prison officials to enforce his Constitutional rights.

10

Falsification of medical records and air mattress deprivation by prison employees and health care workers are adverse actions. Accepting the allegations as true, Defendants took the adverse actions to retaliate against Plaintiff. Therefore, he has sufficiently stated a non-frivolous claim of retaliation and may add it to his complaint.

### 2. Civil Conspiracy

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985).

The Magistrate Judge did not address the civil conspiracy complaint. Plaintiff alleges that Defendants Upston, Beals, and John Doe conspired to deprive him of an air mattress and that Defendants Hunter, Wilson, Burns, Rohrig, Couling, Kinder, and Miles condoned the actions and hid them by falsifying Plaintiff's medical documents. (Amended Complaint at 14).

Taking Plaintiff's allegations as true, two or more Defendants agreed to injure him by denying him a prescribed air mattress without medical justification. They caused further harm by falsifying his medical documents to conceal the misdeed. Thus, Plaintiff has sufficiently alleged a non-frivolous claim for civil conspiracy and is permitted to include it in his complaint.

### 3. Equal Protection

"In order to state an equal protection claim based on discriminatory acts . . . a Section 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of his membership in a protected class." *Dotson v. Wilkinson*, 477 F. Supp. 2d 838, 851 (N.D. Ohio 2007). "The Sixth Circuit holds that prisoners are not a "protected class" for equal protection purposes." *Id*. No protected class is alleged when a claim is based on disparate treatment of a prisoner as compared to others. *Id*. "[I]n order to establish a cause of action under the equal protection clause based on a 'class of one,' the plaintiffs must demonstrate that they are the victims of 'intentional and arbitrary discrimination,' *i.e.,* 'that [they have] been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Young v. Mahoning Cnty.*, 418 F. Supp. 2d 948, 958 (N.D. Ohio 2005) (quoting *Village of Willobrook v. Olech*, 528 U.S. 562, 564-65 (2000)).

The Magistrate Judge declined to consider the claim of equal protection. Plaintiff claims that Defendants denied him an air mattress, but gave the medical equipment to other similarly-situated individuals without offering any reasonable justification. (Amended Complaint at 12).

Accepting Plaintiff's allegations as true, denial of an air mattress by prison officials was intentional discrimination. Although the prisoner classification does not receive heightened scrutiny, Plaintiff is entitled to rational basis review as a "class of one."

Defendants lacked a non-discriminatory justification to deprive Plaintiff of an air mattress, yet supplied them to other similarly-situated prisoners. Therefore, Plaintiff has established a non-frivolous claim of equal protection violation which he may include in his complaint.

### 4. Intentional Infliction of Emotional Distress

"Under Michigan law, to state a claim for intentional infliction of emotional distress, . . . [a plaintiff] must allege extreme or outrageous conduct which, intentionally or recklessly, causes extreme emotional distress." *Garretson v. City of Madison Heights*, 407 F.3d 789, 799 (6th Cir. 2005). "Liability will not be found for 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities' . . . ." *Id.* (citing *Roberts v. Auto-Owners Ins. Co.*, 374 N.W.2d 905, 908-09 (Mich. 1985)). "It is generally the duty of the trial court to determine whether a defendant's alleged conduct may reasonably be regarded as so 'outrageous.' Where reasonable minds may differ, the question is for the jury." *Id.*

The Magistrate Judge failed to discuss the claim of intentional infliction of emotional distress. Plaintiff claims that Defendants subjected him to cruel and unusual punishment, were deliberately indifferent, and/or treated him inhumanely. Similarly, he alleges that Defendants intentionally denied him medical care and sleep and inflicted physical pain. As a result, Plaintiff claims that he suffers from mental and physical pain, depression, and enjoyment of life. (Amended Complaint at 15-16).

Accepting Plaintiff's version of the facts, Defendants intentionally deprived him of prescribed medical help which caused both mental and physical suffering. The acts were outrageous because they occurred over a long period of time and no alternative treatments were provided despite Plaintiff's continuous complaints. Plaintiff's pain is not trivial or merely annoying. Rather, he cannot breathe properly at night which deprives him of sleep, he endured kidney pain without medication for a week, he risks falling without knee or foot braces, the hardware in his knee must be surgically removed, and sleeping without an air mattress causes pain in his newly replaced hip. Not surprisingly, Plaintiff's anguish has caused him extreme emotional distress. Accordingly, he has stated a non-frivolous claim of intentional infliction of emotional distress and is allowed to incorporate this claim into his complaint.

## IV. Conclusion

For the reasons stated above, the Court declines to adopt the Report and Recommendation. The Court has determined that Plaintiff's claims have sufficient merit such that *pro bono* counsel should be appointed to represent Plaintiff. Accordingly, this case shall be **STAYED** until counsel has been secured to represent Plaintiff.

The Court has further determined that reassignment of this case to a different Magistrate Judge is appropriate. "[T]he principal factors considered . . . in determining whether further proceedings should be conducted before a different judge are 1) whether the original judge would reasonably be expected . . . to have substantial difficulty in

14

putting out of his mind previously-expressed views or findings . . . 2) whether reassignment is advisable to preserve the appearance of justice, and 3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *United States v. Garcia-Robles*, 640 F.3d 159, 168 (6th Cir. 2011) (quoting *Bercheny v. Johnson*, 633 F.2d 476-77 (6th Cir. 1980)). The Court finds that this test has been met, and will reassign the case to a different Magistrate Judge based upon a blind draw.

     SO ORDERED.

                s/Arthur J. Tarnow
                Arthur J. Tarnow
                Senior United States District Judge
Dated: July 23, 2013

---

### CERTIFICATE OF SERVICE

     I hereby certify on July 25, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 25, 2013: **Richard Boone.**

                s/Michael E. Lang
                Deputy Clerk to
                District Judge Arthur J. Tarnow
                (313) 234-5182