UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD BOONE, II, | Case No. 12-14098 |
| Plaintiff, | HONORABLE ARTHUR J. TARNOW |
| v. | SENIOR UNITED STATES DISTRICT JUDGE |
| DANIEL HEYNS, et al., | HONORABLE MONA K. MAJZOUB |
| | UNITED STATES MAGISTRATE JUDGE |
| Defendants. | |
| _____/ | |

**ORDER LIFTING STAY; DENYING DEFENDANTS'
MOTION TO ENFORCE STAY [98]**

This case involves the question of what the appropriate remedy is for a claim that the prison is withholding certain medically prescribed interventions. The Plaintiff has indicated that the deprivation of treatment has caused him so much pain that he has daily thoughts of suicide.

On July 25, 2013, the Court stayed this case pending appointment of counsel. On January 22, 2014, Plaintiff was assigned counsel. In the interim, on October 15, 2013, Plaintiff filed a Motion to Lift Stay, for an Emergency Restraining Order or Injunction and a Non-Retaliation Order [79]. Additionally, on December 12, 2013, the Court received a Letter [84] from Plaintiff indicating that his ongoing pain was making him have suicidal ideation. On December 19, 2013, the Court held a conference on the record, granting in part Plaintiff's Motion [79] and implicitly lifting the stay. At no point during the December 19, 2013 conference did defense counsel

raise an argument that the stay should not be lifted. In their Motion to Enforce the Stay [98], Defendants argue that they were expecting a conference, not a hearing. Lack of preparation, however, is not a compelling argument and Plaintiff had no trouble representing himself *pro se* at the conference. Additionally, at the time of the conference, Plaintiff's Motion to Lift Stay, for an Emergency Restraining Order or Injunction and a Non-Retaliation Order [79] was the only filing pending on the docket and Plaintiff's Letter [84] was the most recent filing. The Court originally imposed the stay *sua sponte*, and, ultimately, lifting the stay is within the discretion of the Court. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentroq*, 945 F.2d 150, 153 (6th Cir. 1991) (holding that when courts are making decisions about stays they should balance certain interrelated considerations including the public interest and irreparable harm to parties). Both the public interest and irreparable harm at risk here were overwhelming reasons to lift the stay.

First, the public has an interest in preventing the suicide of incarcerated citizens. Our society does not tolerate the cruelty of ignoring cries for help from those whose freedom is so restricted that they cannot help themselves. So ignoring cries for help could be construed as a constructive death penalty, which Michigan does not allow. The role of the Michigan Attorney General is not limited to opposing prisoner complaints in litigation. Another role of the Michigan Attorney General is to be a counselor and enable its client, the Michigan Department of Corrections and related

entities, to serve the public interest. One of the Michigan Department of Corrections' goals is to "provide humane and protective custodial care," and so implicitly, the Michigan Attorney General's counsel should facilitate that goal. *See Michigan Department of Corrections' Mission Statement* available at http://www.michigan.gov/corrections/0,1607,7-119-1441_44369---,00.html; and appended to this Order. Additionally, one of the main objectives of the Michigan Department of Corrections is promoting rehabilitation, *Id.*, which is not possible in instances where a prisoner kills himself. By highlighting these background concerns, the Court is not minimizing the challenges in volume and resources the Michigan Attorney General and Michigan Department of Corrections face, but merely elucidating some factors relevant to the stay and Order [81] in this case.

    Second, the risk of irreparable harm here dictates both lift of the stay and the ongoing enforcement of the Court's previous Order [81] that Defendants provide Plaintiff with an air mattress and a knee brace. Plaintiff has severe arthritis and is sober. He is, therefore, limited to non-narcotic treatments to deal with his pain—namely a knee brace, air mattress, Celebrex, and an extra pillow. As he stated at the conference, he is not seeking a monetary award in this case. Tr. Dec. 19, 2013 at 11:34:58. The Court finds that he has expressed a credible risk of suicide due to ongoing pain caused by the involuntary withdrawal of medical treatment.

In this case, what is at risk for Plaintiff is his life. In contrast, at worst, Defendants risk unnecessarily providing Plaintiff with the "status symbol" of temporarily avoiding using a "crappy" Michigan Department of Corrections mattress, in the words of defense counsel. Tr. Dec. 19, 2013 at 11:20:36; 11:37:18.

Accordingly, the Court being fully advised in the premises,

**IT IS ORDERED** that the stay in this case is **LIFTED;**

**IT IS FURTHER ORDERED** that the Court's Order [81] continues to be **ENFORCED;**

**IT IS FURTHER ORDERED** that Defendants' Motion to Enforce the Stay [98] is **DENIED**.

**SO ORDERED**.

                                           s/Arthur J. Tarnow
                                           Arthur J. Tarnow
Dated: January 24, 2014            Senior United States District Judge