UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD BOONE II,

          Plaintiff,                             Case No. 1:12-cv-14098

v.                                              Honorable Thomas L. Ludington
                                                     United States District Judge

JEFFERY STIEVE, et al.,

          Defendants.
_____/

**ORDER STAYING CASE PENDING MICHIGAN PROBATE PROCEEDINGS**

This is a prisoner civil-rights action arising from Defendants' alleged deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment. ECF No. 1. The case has been pending since September 14, 2012, but was reassigned to the undersigned on February 16, 2022, following the passing of the Honorable Arthur J. Tarnow. As explained hereafter, the case will be stayed pending resolution of related probate proceedings.

Richard Miles, Plaintiff's treating physician, was named as a defendant, as was Miles's employer Defendant Corizon. Both are represented by Chapman Law Group. ECF No. 305. On April 6, 2021, Defendant Miles's counsel filed a suggestion of Defendant Richard Miles's April 12, 2020 death. ECF No. 398.

On August 25, 2021, Defendant Miles's counsel filed a notice of the Suggestion of Death, identifying Miles's spouse, Roslyn Berry, as "an appropriate representative" of his estate. ECF No. 400 at PageID.6446–47. The Notice started a 90-day period for Plaintiff to file a motion to substitute a representative for Defendant Miles. *See* FED. R. CIV. P. 25(a)(1). Thirty-eight days

later, Plaintiff filed a motion under Rule 25(a)(1) to substitute Defendant Miles with his wife, Roslyn Berry. ECF No. 401.

Consistent with Defendant's Notice, Plaintiff contended that "Defendant Miles'[s] wife Roslyn Berry is a proper party for substitution, as identified on the Notice of Suggestion of Death." *Id.* at PageID.6450. On November 13, 2021, Plaintiff served the Motion upon Defendant Miles's successor, Roslyn Berry, as required by law. *Id.*; ECF No. 404 at PageID.6482.

In seeming contradiction to her earlier suggestion, Defendant Miles's counsel then contended that Plaintiff's "request is improper." ECF No. 402 at PageID.6455. Specifically, she contended that Plaintiff "has failed to show that Roslyn Berry is Dr. Miles' 'representative' and/or 'successor' in interest according to the legal definition of the words," and that he "has not identified an Estate of Richard Miles that would be able to substitute in as a Defendant." *Id.*

Consistent with Federal Rule of Civil Procedure 25(a)(1) and Defendant's Notice, Roslyn Berry was substituted in Richard Miles's place as a potential successor and directed to file supplemental briefing to address her circumstances. ECF No. 411 at PageID.6529; 6532. Plaintiff was directed to show cause for why he had not petitioned to open Defendant Miles's estate as authorized under Michigan law. *Id.*

On March 11, 2022, Plaintiff responded that he had filed a petition to open a probate estate for Defendant Miles as a creditor in the Oakland County Probate Court. ECF No. 416. A hearing will be held on May 4, 2022, at 8:00 AM EDT before Judge Jennifer S. Callaghan on Plaintiff's "Petition for Probate and/or Appointment of Personal Representative" for Defendant Miles's estate. ECF No. 416-1 at PageID.6578. Those related proceedings will determine the proper defendant in this case, if any, regarding Richard Miles.

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This Court may exercise this inherent authority *sua sponte*. *See First Nonprofit Ins. Co. v. Alexander*, No. CIV A 09-465, 2009 WL 2256473, at *4 (E.D. Pa. July 27, 2009). Federal courts often do so when a related, pending state-court action will substantially affect or be dispositive of issues in the federal case. *See, e.g.*, *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976).

Generally, courts consider four factors when determining whether stay a case pending another proceeding: (1) potential of other case to have a dispositive effect on this case; (2) judicial economy; (3) public welfare; and (4) hardship or prejudice to the parties, given the stay's duration. *AES-Apex Emp. Servs., Inc. v. Rotondo*, No. 13-CV-14519-DT, 2015 WL 12990376, at *1 (E.D. Mich. July 24, 2015) (quoting *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004)).

The balance of these factors weighs in favor of a stay. The probate proceeding will determine the presence of a key defendant in Plaintiff's case: his treating physician Defendant Miles. Plaintiff also indicates that he will need to conduct further discovery of Defendant Miles's wife and estate, which will be resolved in the Michigan probate proceedings. The public welfare will not be affected either way. No party is opposing the stay, which this Court is invoking *sua sponte*; even so, both parties will benefit from determining whether an estate will be probated in Defendant Miles's name. The case will be stayed for less than two months, as the first hearing in the probate proceeding will be conducted on May 4, 2022.

Accordingly, it is **ORDERED** that this case is **STAYED** until the Oakland County Probate Court resolves Richard Miles's estate or until further order of this Court.

Further, it is **ORDERED** that the parties are **DIRECTED** to attend a telephonic status conference **on May 10, 2022, at 4:00 PM EDT**. Counsel will receive a separate email with call-in number.

Dated: March 14, 2022             <u>s/Thomas L. Ludington</u>
                                  THOMAS L. LUDINGTON
                                  United States District Judge