UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD BOONE II,

        Plaintiff,                          Case No. 1:12-cv-14098

v.                                             Honorable Thomas L. Ludington
                                                     United States District Judge

JEFFERY STIEVE et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT STIEVE'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT**

This matter is before this Court upon Defendant Jeffrey Stieve's Motion for Leave to file a Second Motion for Summary Judgment. As explained hereafter, his Motion will be granted.

**I.**

On September 14, 2012, Plaintiff Richard Boone II, a state prisoner, filed a *pro se* civil-rights complaint alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. ECF No. 1.

Among others, Plaintiff sued Jeffery Stieve, who was the Chief Medical Officer of the Michigan Department of Corrections (MDOC), the head of the MDOC's Bureau of Health Care Services, and responsible for its operations and the delivery of health care within the MDOC. ECF No. 305 at PageID.3052. According to the remaining Counts, *see* ECF No. 395 at PageID.6434 (dismissing several claims), Defendant Stieve demonstrated deliberate indifference to Plaintiff's medical needs by (1) "depriv[ing] Plaintiff use of his CPAP" [Count I] and (2) "deny[ing] Plaintiff use of his medically clear air mattress" [Count VI]. *Id.* at PageID.3076, 3079–81.

This case was delayed due to the untimely passing of the assigned district judge, Arthur Tarnow. After reassignment to the undersigned, Defendant Stieve has filed a motion for leave to file a second motion for summary judgment. ECF No. 421.

## II.

### A.

"[D]istrict courts may . . . permit renewed or successive motions for summary judgment." *Taylor v. City of Saginaw*, No. 1:17-CV-11067, 2022 WL 202999, at *2 (E.D. Mich. Jan. 21, 2022) (quoting *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006)). Leave to file a second motion for summary judgment is "especially appropriate" in cases of (1) an intervening change in controlling law; (2) newly available evidence or an expanded factual record; and (3) a need to correct a clear error or prevent manifest injustice. *Allen v. Watts*, No. 2:19-CV-12024, 2021 WL 3053383, at *2 (E.D. Mich. July 20, 2021) (citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) (per curiam)).

In his attempt to establish good cause for leave to file a second motion for summary judgment, Defendant Stieve present one argument: Plaintiff cannot establish Stieve's deliberate indifference under intervening, controlling Sixth Circuit precedent. ECF No. 421 at PageID.6608 (citing *Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021)).

### B.

Based on a cursory review of *Phillips*, the following passages might change the outcome of Counts I and VI as they apply to Defendant Stieve:

> More frequently, doctors provide some care and prisoners challenge their treatment choices as inadequate. To establish the objective element in this common situation, prisoners must show more. Objectively speaking, this care qualifies as "cruel and unusual" only if it is "so grossly incompetent" or so grossly "inadequate" as to "shock the conscience" or "be intolerable to fundamental fairness." Ordinary individuals outside a prison's walls and inmates within those walls both face a risk

> that their doctors will perform incompetently. That is why the states have adopted a well-established body of tort law to remedy the harms caused by medical malpractice. But mere malpractice does not violate the Eighth Amendment. Only grossly or woefully inadequate care—not just care that falls below a professional standard—can be called "cruel and unusual." This test avoids turning the Eighth Amendment into a federal malpractice statute.
>
> For prisoners to prove grossly inadequate care, moreover, courts generally require them to introduce medical evidence, typically in the form of expert testimony. This medical-evidence requirement makes sense in a world in which the Supreme Court looks to the "evolving standards of decency" to determine the Eighth Amendment's standards. Even for garden-variety negligence claims, "[t]he overwhelming weight of authority supports the view that ordinarily expert evidence is essential to support an action for malpractice against a physician or surgeon." So a medical-evidence requirement sits comfortably within society's "decency" standards. And it would be odd if a prisoner could prove an Eighth Amendment claim more easily than an ordinary individual could prove a malpractice claim.

*Phillips*, 14 F.4th at 535 (internal citations omitted).

*Phillips v. Tangilag* is controlling and intervening; it is a published opinion from the Sixth Circuit Court of Appeals dated after Defendant Stieve's last Motion for Summary Judgment was decided. In his Motion for Leave, Stieve argues that *Phillips* newly requires Plaintiff to provide an expert witness to prove his deliberate-indifference claims. ECF No. 421 at PageID.6608. Without engaging the merits of *Phillips* or its progeny, Stieve's reading is reasonable.

Because Stieve has provided controlling, intervening precedent that reasonably changes the outcome of Plaintiff's relevant claims, Defendant Stieve has established good cause to file a second motion for summary judgment. Consequently, his Motion for Leave will be granted.

**III.**

Accordingly, it is **ORDERED** that Defendant Stieve's Motion for Leave to File a Second Motion for Summary Judgement, ECF No. 421, is **GRANTED**. His Motion is due **on or before August 1, 2022**.

Dated: June 24, 2022	s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge