UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD BOONE II,

          Plaintiff,                            Case No. 1:12-cv-14098

v.                                              Honorable Thomas L. Ludington
                                                   United States District Judge

JEFFERY STIEVE, et al.,

          Defendants.
_____/

**OPINION AND ORDER (1) LIFTING STAY, (2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, (3) DIRECTING PLAINTIFF TO REFILE FIFTH AMENDED COMPLAINT, (4) REPLACING DEFENDANT BERRY WITH PERSONAL REPRESENTATIVE OF HER HUSBAND'S ESTATE, AND (5) DENYING AS MOOT DEFENDANT BERRY'S MOTION FOR RECONSIDERATION**

This is a prisoner civil-rights action arising from Defendants' alleged deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment. The case has been pending since September 14, 2012, but it was reassigned to the undersigned on February 16, 2022, following the passing of the Honorable Arthur J. Tarnow.

Before his passing, Judge Tarnow dismissed numerous defendants and claims from the case. To clarify the complaint for trial, Plaintiff has filed a motion to amend his complaint for the fifth time.

Meanwhile, one of the defendants passed away, and his wife was substituted as a potential successor to his estate. Since the substitution, a probate estate has been opened in the decedent's name, and a personal representative has been appointed. Thus, the decedent's wife has requested that she be removed from this case.

The questions presented are whether the complaint should be amended and whether the decedent's wife should be removed from the case. To answer these questions, the stay will be lifted.

## I.

Nearly a decade after this case was filed, Defendant Richard Miles, one of Plaintiff's treating physicians, passed away. ECF No. 398. Defendant Miles's counsel filed a notice of the Suggestion of Death, identifying Miles's spouse, Roslyn Berry, as "an appropriate representative" of his estate. ECF No. 400 at PageID.6446–47. The Notice started a 90-day period for Plaintiff to file a motion to substitute a representative for Defendant Miles. *See* FED. R. CIV. P. 25(a)(1).

Based on Defendant's Notice, Plaintiff filed a motion under Rule 25(a)(1) to substitute Defendant Miles with his wife, Roslyn Berry. ECF No. 401. Consistent with Defendant's Notice, Plaintiff contended that "Defendant Miles'[s] wife Roslyn Berry is a proper party for substitution, as identified on the Notice of Suggestion of Death." *Id.* at PageID.6450. On November 13, 2021, Plaintiff served the Motion upon Defendant Miles's successor, Roslyn Berry, as required by law. *Id.*; ECF No. 404 at PageID.6482.

Consistent with Federal Rule of Civil Procedure 25(a)(1) and Defendant's Notice naming Roslyn Berry as an "appropriate representative," Roslyn Berry was substituted in Richard Miles's place as a potential successor and directed to file supplemental briefing to address her circumstances. ECF No. 411 at PageID.6529, 6532. She then filed a motion arguing this Court had no jurisdiction to substitute her in place of Miles. ECF No. 413. Plaintiff contests that motion. ECF No. 417.

Meanwhile, the case was stayed pending proceedings in the Michigan probate court regarding Defendant Miles's estate. ECF No. 418. Soon after, as a contingent creditor, Plaintiff

opened an estate for Defendant Miles in the Oakland County Probate Court. ECF No. 416. Richard McHugh is the "personal representative." *See In re Est. of Miles*, No. 2022-405662-DE (Mich. Oakland Cnty. Probate Ct. filed Mar. 11, 2022). Plaintiff has also filed a motion for leave to file a fifth amended complaint, ECF No. 405, which Defendants contest, ECF Nos. 406; 407.

To address the motions, the stay will be lifted. Plaintiff's Motion for Leave to Amend will be granted in Part II, and the Estate of Richard Miles will be substituted for Defendant Berry in Part III.

## II.

Plaintiff has filed a motion for leave to file a fifth amended complaint. ECF No. 405. He seeks "to remove the dismissed defendants and claims before the upcoming trial." *Id.* at PageID.6484; *see also* ECF No. 395 (dismissing five counts and four defendants). He sought concurrence for the Motion, "but counsel for all the Defendants denied the request without providing reasons." ECF No. 405 at PageID.6484.

### A.

A court "should freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962). Justice does not require leave to amend in the presence of "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment." *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022) (quoting *Glob. Lift Corp. v. Hiwin Corp.*, No. 14-CV-12200, 2016 WL 5476238, at *3 (E.D. Mich. Sept. 29, 2016)). To that end, the decision to grant or to deny leave to amend is "left to the sound discretion of the trial judge." *Id.* (same); *see also Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) ("[T]he case law in this Circuit

manifests liberality in allowing amendments to a complaint." (citation and internal quotation marks omitted)); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982))).

### B.

Defendants' only reason to contest Plaintiff's Motion to Amend is that it will cause them prejudice because of timing and new factual allegations. *See generally* ECF Nos. 406; 407.

Timing alone, whether delay or imminence of trial, does not warrant denial of leave to amend a complaint. *See Ziegler v. Aukerman*, 512 F.3d 777, 786–87 (6th Cir. 2008). But the new facts might create prejudice, warranting denial, as Defendants have two pending motions for summary judgment. *See* ECF Nos. 406; 429. In this way, the additional content seems to "meaningfully impact the arguments that Defendants mount in their respective motions [for summary judgment], or undercut the Court's ability to consider those arguments here." *Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020). But there is no pending trial date, and the cleaned-up version of Plaintiff's complaint would assist a more judicious resolution of the two remaining claims. And the new complaint adds the Estate of Richard Miles as a defendant in the case, which is warranted because Defendant Miles has since passed away, a probate estate has been opened, and a personal representative has been appointed. Yet it would be a bit "scandalous" to allow Plaintiff to add new facts into the record nearly a decade after the case was filed and while two summary-judgment motions are pending. *See* Fed. R. Civ. P. 12(f)(1). Thus, the proper balance would be to grant Plaintiff's request for leave to amend his complaint but direct him to refile it after striking any new factual allegations.

For these reasons, Plaintiff's Motion to Amend will be granted, but he will be directed to refile his Fifth Amended Complaint without new factual allegations.

### III.

Defendant Berry has filed a motion arguing that this Court did not have jurisdiction to substitute Defendant Berry in place of Defendant Miles. ECF No. 413. Although stylized as a jurisdictional motion, Defendant's Motion is in fact a motion for reconsideration of this Court's prior order that substituted her in place of her deceased husband, Defendant Miles. *See id.*

Yet a personal representative has been identified for the Estate of Richard Miles. *In re Est. of Miles*, No. 2022-405662-DE (Mich. Oakland Cnty. Probate Ct. June 8, 2022) (qualifying Richard Allan McHugh as personal representative of the Estate of Richard Miles). Thus, Richard Allan McHugh, as personal representative of the Estate of Richard Miles, will be substituted for Roslyn Berry as a defendant in this case. FED. R. CIV. P. 25(a)(1). Consequently, Defendant Berry's Motion will be denied as moot.

### IV.

Accordingly, it is **ORDERED** that the stay, ECF No. 418, is **LIFTED**.

Further, it is **ORDERED** that Plaintiff's Motion to Amend, ECF No. 405, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to refile the Fifth Amended Complaint without new factual allegations **on or before October 3, 2022**.

Further, it is **ORDERED** that Richard Allan McHugh will be **SUBSTITUTED** for Roslyn Berry. To that end, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to remove Roslyn Berry as a defendant in the above-captioned case and to add "Richard Allan McHugh, as personal representative of the Estate of Richard Miles."

Further, it is **ORDERED** that Defendant Berry's Motion Challenging the Jurisdiction of the Court, ECF No. 413, is **DENIED AS MOOT**.

**This is not a final order and does not close the above-captioned case**.

Dated: September 23, 2022                                s/Thomas L. Ludington
                                                                                  THOMAS L. LUDINGTON
                                                                                  United States District Judge